**William HOWZE, Appellant,**

v.

**Esther HOWZE, Appellee.**

**No. 20708.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 13, 1967.

Decided Nov. 7, 1967.

---

sel, and Richard W. Barton, Asst. Corporation Counsel, were on the brief, for appellee. Mr. Milton D. Korman, Principal Asst. Corporation Counsel at the time the record was filed, also entered an appearance for appellee.

Before EDGERTON, Senior Circuit Judge, and BURGER and TAMM, Circuit Judges.

PER CURIAM:

With the benefit of full briefing and oral argument, we believe that this appeal was improvidently granted.

■■■ The District of Columbia Court of Appeals was correct in its conclusion that "the divorce decree was no longer being relied upon to impose a duty of support on appellant" 225 A.2d 477, 479 (D.C.App.1967). The order at issue was granted in response to appellee's petition to increase the support payments for her child until the child reached age eighteen. That order, though not specific, was intended to continue at least until the child was seventeen years and three months old, and more likely until her eighteenth birthday. Under either view, reliance was clearly placed on the District of Columbia support laws [1] and not on the earlier divorce decree which provided for support only until age seventeen.

Finally, even if for some reason the 1961 order was based on the divorce decree, the contention that it was res judicata as to the child support is unfounded. It is well settled that "a decree for child support is res judicata only as long as the circumstances remain the same as when the decree was rendered." 24 Am. Jur.2d Divorce & Separation § 846, p. 959 (1966). Here it is undisputed that some circumstances, id est, the child's need and the appellant's ability to pay, had changed materially since the divorce was granted.

Appeal dismissed.

Mr. Booker T. Smalley, Washington, D. C., for appellant.

Mr. Ted D. Kuemmerling, Asst. Corporation Counsel for the District of Columbia, with whom Messrs. Charles T. Duncan, Corporation Counsel, Hubert B. Pair, Principal Asst. Corporation Coun-

[1]. The Uniform Reciprocal Enforcement of Support Act (enacted both in Michigan and in the District of Columbia) makes duties of support enforcible if "imposed under the laws of any State in which the defendant was present during the period for which support is sought * * *." D.C.Code § 30–304 (1967).