Leander M. HAMILTON and Sarah B. Hamilton, minors, by their mother and next friend, Ruth M. Hamilton, Appellants,

v.

Randy Haskell HAMILTON, Appellee.

No. 4243.

District of Columbia Court of Appeals.

Argued July 1, 1968.

Decided Nov. 12, 1968.

Upon appellee's return to this country, appellants applied for a modification of the 1961 order of support. At the hearing on this motion, appellee did not appear, but he was represented by counsel. Admitted into evidence and considered by the trial judge was a detailed financial statement of the father. The court found that appellee's presence in the United States and his employment here constituted a change of circumstances and ordered him to pay $350 per month for the support of the minor appellants. No appeal was taken from this order, but two and one-half months later appellee filed a motion to reduce. Following a hearing, at which appellee personally appeared, the court reduced his support payments to $250 per month. Through their mother, the children appeal, contending there was an insufficient basis in fact and in law to justify the reduction.

Armin U. Kuder, Washington, D.C., with whom Hyman Smollar, Washington, D.C., was on the brief for appellants.

Elizabeth Guhring, Washington, D.C., for appellee.

Before MYERS, KELLY and FICKLING, Associate Judges.

MYERS, Associate Judge:

In 1961 a consent order was entered in the Domestic Relations Branch of the trial court requiring appellee-father to pay $140 a month for the support of the minor appellants in this case, the children of his first marriage. The order recited that appellee was then employed by the government of Thailand, that the laws of that country prohibited him from sending more than $140 a month to the United States for the support of his family, and that the order was entered into without admitting or denying the adequacy of the amount.

There is no precise formula for determining the amount a father shall pay for the support and maintenance of his minor children. This must be reached by balancing the many factors surrounding both the pecuniary situation of the father and the reasonable needs of the minor children. Although the court is vested with discretionary powers in decreeing support, it must be mindful of the father's welfare and avoid penalizing him by the imposition of harsh financial terms, Johnson v. Johnson, D.C.Mun.App., 163 A.2d 127, 128 (1960), and it will enforce his obligation to support only commensurate with his financial ability to pay. Hoffman v. Hoffman, D.C.App. 210 A.2d 549, 550 (1965), citing Payton v. Payton, D.C.App., 187 A.2d 899, 900 (1963). In issuing an original support order, the trial judge may exercise a very broad discretion, which will not be disturbed except for an abuse of that discretion,[1] but in thereafter modifying the order he is limited by the requirement that there must be first a showing of material change in the circumstances of the parties—a change which

1. Dawson v. Dawson, D.C.App., 193 A.2d 70 (1963); Bell v. Bell, D.C.App., 190 A.2d 265 (1963); Burke v. Burke, D.C. Mun.App., 177 A.2d 911 (1962).

affects either the father's ability to pay or the needs of the minor children. Absent such a showing, the original decree is conclusive upon the parties. Furthermore, the decree is not subject to modification as a procedural means for reviewing the equities of the prior decree. 27B C.J.S. Divorce § 322(2), at page 695, (1959). What constitutes a material change is not easily definable. Changes which are neither substantial nor material will not justify a modification, and the burden of proving the materiality of change is upon the party seeking modification. Tuthill v. Tuthill, D.C.App., 198 A.2d 905 (1964).

Appellee did not file a brief in opposition to this appeal, and we must therefore glean the basis of his claim for relief from his motion to reduce which was filed in the trial court, the transcript of the hearing thereon, and the brief argument of counsel before us.

■ Over the years appellee had voluntarily assumed payment of the expenses of his son at a private school in Pennsylvania. He now contends that as his son has left the school and is residing with his mother in the District of Columbia the order of support should be reduced. Such an argument is completely irrelevant here as the award of $350 per month, payable to the children's mother, was never intended to cover these expenses. That appellee has been relieved of the school expenses does not provide a basis for a reduction in his support payments.

■ Appellee alludes to his changing family circumstances as a ground for reducing his support payments—his remarriage in 1961, some five years before the hearing on his motion to reduce, and the imminent birth of a second child. Initially, we note that these factors can hardly be considered a change in circumstances occurring since the support order for $350 was entered a mere two and one-half months prior to the filing of appellees' motion to reduce. It is true that starting a second family does impose additional financial burdens upon the husband and father, but the voluntary assumption of new obligations by marrying a second time does not excuse him from a prior obligation imposed by the court. Armstrong v. Armstrong, D.C.App., 241 A.2d 735 (1968).

■ The only change which might be material is a reduction of $109 per month in appellee's take-home pay due to his required participation in a retirement plan instituted by his employer. We do not, however, consider this deduction a decrease in salary. Rather, it is an investment in a future economic benefit to appellee, a deferment in the ultimate realization of this portion of his salary to a later date, by which time the children will have attained their majority and he will no longer be under a duty to support. In our judgment an enforced savings plan, leading to retirement benefits, does not constitute a change of circumstances justifying a modification of the court order.

■ A like rationale is applicable to the expenses incident to the maintenance by appellee of certain insurance policies in which, for the most part, appellants here, the children of his prior marriage, are merely contingent beneficiaries, with the primary beneficiary his present wife. Insurance protection for the family is worthwhile in reasonable amounts, but it should not be extended to the point where it acts to deny minor children of their right to reasonable support and maintenance during this important period of their growth. These commitments were before the court at the time of the entry of the support order for $350 a month, and they are concededly substantial, but expenses attributable to appellee's present investment in annuities, pensions or life insurance do not provide a basis for a reduction in support payments.

■ Even with the retirement deduction of $109 per month, appellee has a monthly take-home pay of almost $1,100. Although

the law recognizes no preference in the area of maintenance and support for children born of different marriages, Cf. Miner v. Miner, D.C.App., 192 A.2d 811 (1963), the effect of the reduction was to require the children of the first marriage to bear the brunt of appellee's alleged straitened financial circumstances rather than to have the burden shared by all the offspring.

The record also shows that appellee has made no serious attempt to reduce expenses in other areas of his life. A similar situation confronted this court in Grand v. Grand, D.C.Mun.App., 163 A.2d 556 (1960). There a father's request for reduction of support payments was denied even though he had suffered an actual one-third decrease in salary. In commenting on where the loss should fall, we said:

> In short, appellant was requesting relief without showing the court that he himself was making any substantial attempts to curb his mode of living in accordance with his reduced income. The motion for reduced support payments was in effect appellant's first attempt to meet the exigencies of the situation, but this was to be at the expense of the other children.

The same reasoning is applicable in the case before us.

We have concluded that the record fails to show, as a matter of law, substantial or material changes in either the continuing requirements of the minor appellants or in the financial ability of appellee to pay the support of $350 a month as fixed by the court order of February 2, 1966. We are of the opinion for reasons stated that the trial judge abused his discretion in ordering a reduction in the amount of their support and that this action must be reversed and the terms of the prior order for support reinstated.[2]

It is so ordered.

2. A motion filed by appellants to adjudge appellee in contempt was voluntarily withdrawn by them after this appeal was filed and is therefore not before us for consideration.