Sheila S. LANAHAN, Appellant,

v.

John A. NEVIUS, Appellee.

No. 6580.

District of Columbia Court of Appeals.

Argued March 12, 1973.

Decided April 5, 1974.

Hal Witt, Washington, D. C., for appellant.

John Geyer Tausig, Washington, D. C., for appellee.

Before NEBEKER, YEAGLEY and HARRIS, Associate Judges.

YEAGLEY, Associate Judge:

This is an appeal from a judgment of the Superior Court in an action for breach of contract. The contract at issue is a separation and property settlement agreement (hereinafter agreement) entered into between appellant (wife) and appellee (husband) prior to their divorce. The only part of the agreement relevant to this appeal deals with child support and related expenses to be paid by appellee to appellant. The agreement provides that appellee shall pay (a) two hundred dollars per month per child to appellant for the support of the children (hereinafter: the basic support obligation) and additionally (b) certain other specified "reasonable" costs and expenses as incurred for the benefit of the two children. The controversy centered on the question of whether certain expenses incurred by appellant, and which appellee refused to pay, were "reasonable" within the meaning of the agreement.

We affirm the trial court's rulings as to the "reasonableness" of the disputed expenses. We reverse, however, its modification of the agreement by substitution of a formula proposed by appellee.

The parties to this action were divorced in the District of Columbia on March 29, 1968. Shortly prior thereto they had entered into an agreement dated March 7,

1968.[1] The divorce decree does not include any order for support of the children or the wife, nor does it incorporate the agreement.[2]

The complaint alleges that certain of the specified expenses covered in the agreement had not been paid by appellee and that a portion of the basic support obligation ($200 per month per child) had not been paid. Appellant sought a judgment for these unpaid amounts. Appellee answered that the expenses were not "reasonable" within the meaning of their agreement and counterclaimed for reformation of the contract on the ground that his income at the time was substantially lower than when the agreement was signed.

Appellant promptly moved to dismiss the counterclaim, contending that the fact of appellee's reduced income did not warrant reformation of the agreement which had been entered into voluntarily by the parties prior to their divorce. The court denied the motion, and ruled that appellee's request to reduce his contractual obligation "shall be treated for trial purposes as a motion for modification of child support". When the matter later came before a second judge for trial, the court apparently considered itself bound by the earlier ruling.

The trial lasted seven days. The court heard extensive testimony as to the reasonableness of various expenses incurred by appellant for their children. In a lengthy and well-reasoned opinion it evaluated the evidence as to the reasonableness of each disputed expense. Based on this evaluation, some expenses, for which the mother

sought reimbursement, were accepted, others were rejected and still others were adjusted. We find no error in these conclusions; they are supported by the evidence and contain no errors of law affecting the rights of the parties. Therefore they are affirmed.

The trial court went further, however. Faced with the prior ruling on the counterclaim, and perhaps recognizing some factors in appellee's favor, or sensing the likelihood of future problems growing out of the original agreement, the court modified the agreement of the parties by adopting a formula for future use, which had been proposed by appellee. That formula was to replace both parts of appellee's previous contractual obligations, that is, his fixed obligation to pay $200 per month per child and his obligation to pay other specified reasonable expenses.

The issue as we see it is whether a court may modify a settlement agreement providing for child support, which has not been incorporated into a divorce decree, based on a claim of changed financial circumstances. We conclude that it may not.

There can be no doubt that the law in this jurisdiction allows and indeed encourages the use of separation agreements to settle the financial affairs of spouses who are not able to maintain a harmonious marriage relationship.[3] Judicial economy is advanced by such agreements, the court not having to expend its time doing for the parties what they presumably are better able to do for themselves, that is, determine what disposition

1. The part of the agreement pertinent to this appeal provided that
    for the support of [each] Child the Husband shall pay the Wife the sum of Two Hundred Dollars ($200.00), and *additionally* with respect to each such Child the Husband shall in the manners respectively indicated pay or procure the payment of the following expenses, as the same are incurred . . . . (Emphasis added.) [Supplemental Record #2 at 3–4.]
    The agreement then sets out a number of specific expenses, such as education and medical care, each of which is prefaced by the word "reasonable".

2. Superior Court of the District of Columbia, Family Division, file number D 736–68.

3. *See* Davis v. Davis, D.C.App., 268 A.2d 515 (1970); Doerfler v. Doerfler, D.C.App., 196 A.2d 90 (1963); Le Bert-Francis v. Le Bert-Francis, D.C.Mun.App., 175 A.2d 602 (1961).

of property and provision for support is fair and reasonable.

Those agreements will be enforced "[i]n the absence of fraud, duress, concealment, or overreaching . . . ." Davis v. Davis, D.C.App., 268 A.2d 515, 517 (1970); *see also* Le Bert-Francis v. Le Bert-Francis, D.C.Mun.App., 175 A.2d 602, 603–604 (1961). Appellee has not attacked the validity of the agreement itself, and there has been no claim that it overreached, or that there was fraud, duress or concealment. Appellee's claim is merely that his financial circumstances have changed for the worse since the date of the agreement. This argument, considered in the light of the standards set forth for enforcement of such agreements in Davis v. Davis, *supra*, and Le Bert-Francis v. Le Bert-Francis, *supra*, did not justify modification of appellee's contractual obligation.

In Davis v. Davis, *supra*, a husband and wife entered into a separation agreement which provided for support for the wife and children. In a divorce proceeding which followed, the trial court set aside the separation agreement, finding it to be "unfair and unwise". On appeal this court reversed the trial court and ordered the reinstatement of the separation agreement. We held that even though the agreement was "unwise" it was valid and enforceable since there had been no showing of "fraud, duress, concealment, or overreaching." *Id.*, 268 A.2d at 517.

The trial court, in the instant case, based its decision to modify the agreement on its concept that:

Whether a suit for child support is based upon a Separation Agreement or

there is no agreement really makes no difference. The test is the same.

. . .

It further stated: "If the Court were required to award support based on this father's ability to pay, the Court could not award these children an amount even nearly approximately what the father is volunteering to pay under the . . . formula."

■ Irrespective of the original ruling on the motion to dismiss the counterclaim, the trial court was bound to give full recognition to the difference between support orders and contracts for support.[4] The test used to determine whether a support order should be modified is not the same as the test used to determine whether a contract should be enforced. While changed financial circumstances may be the basis for modifying a support order,[5] they cannot provide the basis for modifying a contract between the parties.

In Schillander v. Schillander, 307 Mass. 96, 29 N.E.2d 686 (1940), a husband and wife entered into an agreement providing for support of the wife and children. The agreement was brought to the attention of the divorce court but was not incorporated into the divorce decree. The husband later brought an action to modify the contract claiming that his financial conditions had deteriorated so that he was unable to carry out its terms. The court said of the husband's action:

The essence of his petition and of his argument before us is that he should be relieved from full performance of a binding contract to which he is a party and which he now finds burdensome, and

4. For instance, it has been held that while a court could not order support payments to continue after the payor's death out of his or her estate, an agreement so providing would be enforceable. *See* Reinhardt v. Reinhardt, 131 So.2d 509 (Fla.App.1961). It has similarly been held that while a court could not order that support payments to a

child continue after his majority, an agreement so providing would be valid. *See* Belstrom v. Belstrom, 144 S.W.2d 614, 617 (Tex.Civ.App.1940).

5. Tinney v. Tinney, D.C.App., 209 A.2d 927 (1965).

that the court should substitute for it some less onerous obligation. . . . [*Id.* at 687–688.]

The court rejected the husband's request:

We are aware of no sound theory upon which it can be held that the court has jurisdiction to modify the terms of a valid existing contract which arose solely through the voluntary act of the parties. [Id. at 687.] (*See also* Smith v. Smith, 39 N.Y.S.2d 330, 332 (Dom.Rel.Ct.1943); Blair v. Blair (2d Dist.) 44 Cal.App.2d 140, 112 P.2d 39, 42 (1941); Scott v. Fort Worth Nat. Bank, 125 S.W.2d 356, 363 (Tex.Civ.App.1939); Schiff v. Schiff, 116 N.J.Super. 546, 283 A.2d 131 (1971).)

The trial court recognized that there were no cases in this jurisdiction allowing the reduction of an agreed upon amount of child support. It reasoned, however, that since the court could increase child support, notwithstanding any agreement of the parties,[6] it could likewise decrease agreed upon child support. While the mutuality of this proposition is facially appealing, closer analysis shows it to be unsupportable. When it was stated in Blumenthal v. Blumenthal, D.C.Mun.App., 155 A.2d 525, 526–527 (1959), that child support in an amount larger than provided for in an agreement could be ordered by the trial court, it was said specifically that the authority to authorize such larger amount was based on the father's "legal obligation to support his minor children." This "legal obligation" of the parent cannot, of course, be limited by contract obligation, but conversely the legal obligation does not place a ceiling on the extent to which one may contractually bind himself.[7]

▮ We agree with the reasoning of the *Schillander* decision, *supra.* A separation agreement providing for child support is a contract, governed by the principles of contract law, notwithstanding the fact that the subject matter of such a contract (child support) is an independent legal obligation which may be enforced by a noncontractual support action. Thus while a court may find that a child support agreement does not provide a sufficient amount of money to meet a party's legal obligation to support and may order a larger sum to be paid, Blumenthal v. Blumenthal, *supra,* it may not modify such an agreement by reducing the agreed upon amount to the minimum the law would impose in the absence of an agreement, or to any sum different from that provided for in the agreement.

▮ It may be that the formula adopted by the trial court is fairer than the original agreement entered into by the parties. Further, the formula might be less likely to be the subject of further litigation since its terms are more definite than those of the original agreement. However, these are not the kinds of considerations which justify a court's modification of a contract.[8]

The trial court's rulings with respect to the disputed expenses previously incurred by appellant (paragraph number 2 of its Opinion and Order) are affirmed. Its or-

---

6. Blumenthal v. Blumenthal, D.C.Mun.App., 155 A.2d 525, 526–527 (1959).

7. Even in a situation where the court finds that child support in a larger amount than agreed upon is necessary, it does not modify the agreement of the parties but rather issues an order for larger child support.

8. Appellee's suggestion that the trial court did not in fact reduce his child support obligation, but rather merely "interpreted" it, is unpersuasive. The formula substituted by the trial court for the original obligation may result in appellee paying a lower amount than he would have under the original agreement.

Appellee's contention that the modification of the child support agreement was justified based on a reduction in the needs of the children is untenable for the same reasons as previously discussed relating to his claim of changed financial circumstances, namely, that such a claim is not applicable to an action for breach of contract.

der substituting appellee's formula for paragraph 3 of the original agreement is reversed and the paragraph shall remain binding on the parties.

So ordered.