Richard M. COOPER, Appellant,

v.

Sabina K. COOPER, Appellee.

Sabina K. COOPER, Appellant,

v.

Richard M. COOPER, Appellee.

Nos. 82–453, 82–625.

District of Columbia Court of Appeals.

Argued Feb. 3, 1983.

Decided Feb. 15, 1984.

Lawrence H. Schwartz, Washington, D.C., for Sabina K. Cooper.

Daniel G. Grove, Washington, D.C., with whom John A. Blazer, Washington, D.C., was on the briefs, for Richard M. Cooper. Richard M. Cooper also entered an appearance pro se.

Before MACK, PRYOR and BELSON,* Associate Judges.

* Associate Judge Catherine B. Kelly, who heard oral argument on February 3, 1983, retired effective as of March 31, 1983, and did not thereafter participate in the decision of this case. Associate Judge Belson, whose name was drawn to replace Judge Kelly's, has heard the recorded oral argument and has fully participated in this decision.

PER CURIAM:

This matter is before us on cross-appeals from an order of the Family Division of the Superior Court granting in part and denying in part a motion to increase child support. Mr. Cooper appeals the increase in child support and award of attorney's fees; Mrs. Cooper appeals the allocation of payments for psychiatric treatment for one of the children. In the interest of brevity, we will refer to Richard M. Cooper as appellant and to Sabina K. Cooper as appellee.

I

The parties were married in 1965 and have two children, ages nine and thirteen, from the marriage. In 1978, the parties entered into a comprehensive Separation and Property Settlement Agreement ("the Agreement") by mutual consent. Appellee later sued for divorce on the ground of voluntary separation and a judgment for absolute divorce was granted on May 16, 1978. This judgment ratified, confirmed and incorporated, but did not merge the Agreement.

The Agreement provided *inter alia* for joint custody of the two minor children, with residential custody to appellee. In addition, appellant agreed to pay the sum of $666 per month as undifferentiated alimony and child support. On December 21, 1981, the court, upon appellee's motion, increased combined alimony and child support payments to $1,445 per month. Further, the court denied appellee's claim under the Agreement for unpaid psychiatric bills. Lastly, the court ordered appellant to contribute $3,774.87 towards appellee's legal fees: $3,274.87 for the expenses related to the motion and $500 for previous legal fees as required under the Agreement.[1] For the

1. In an order dated April 13, 1982, the trial court denied appellant's motion to reconsider the December 21 order; and modified this order with respect to the payment of psychiatric

reasons stated herein, we agree with appellant that the trial court erred in modifying the level of alimony/support payments provided for in the Agreement. Therefore, we reverse in part and remand this case to the trial court for proceedings consistent with this opinion.[2]

## II

The trial court, in its order, stated:

"Modification of a final decree of child support is justified only when the proponent of change bears the burden of proof that there has been a material change in the needs of the child or the ability of the parents to pay," *Tennyson v. Tennyson,* D.C.App., 381 A.2d 264, 265 (1977); *Hamilton v. Hamilton,* D.C.App., 247 A.2d 421 (1968). In determining whether circumstances have materially changed, there must be a comparison between the date of the original order and the date of the hearing. *Mozick v. Mozick,* D.C.App., 245 A.2d 643 (1968); *Sheridan v. Sheridan,* [267 A.2d 343 (D.C.1970)].

The court further noted that despite a policy favoring the private resolution of domestic disputes, *Lanahan v. Nevius,* 317 A.2d 521, 523–24 (D.C.1974), it retained jurisdiction to increase child support payments above those limits specified in a separation agreement. *Id.* at 524–25; *cf. Sheridan v. Sheridan, supra.* However, in so modifying the level of alimony/support payments here, the court applied the wrong standard when it determined that such a modification was justified.

■ Where the level of child support payments has been set by the court pursuant to a hearing, the standard by which to determine whether modification is justified is that used by the trial court. *See Tenny-*

son v. Tennyson, supra, 381 A.2d at 266, and cases cited therein. However, where the parties to a divorce choose voluntarily to settle their financial affairs and enter into a separation agreement covering a division of property and provision for support, a different standard is used to determine if modification is justified.

■ Generally, separation agreements are enforced "[i]n the absence of fraud, duress, concealment or overreaching...." *Lanahan v. Nevius, supra,* 317 A.2d at 524 (quoting *Davis v. Davis,* 268 A.2d 515, 517 (D.C.1970)). However, we hold that the court is free to modify support payments set by an agreement if the party seeking modification shows (1) a change in circumstances which was unforeseen at the time the agreement was entered and (2) that the change is both substantial and material to the welfare and best interests of the children. *Cf. Rice v. Rice,* 415 A.2d 1378, 1383 (D.C.1980); *Boden v. Boden,* 42 N.Y.2d 210, 366 N.E.2d 791, 397 N.Y.S.2d 701 (1977). Although *Rice* involved an application for modification of custody arrangements in a decree incorporating a separation agreement, we are persuaded that the above standards which it employed are equally applicable to the situation where a party is seeking modification of support payments set by the agreement. Presumably, at the time of a separation agreement the best interests of the children are a paramount consideration. If, thereafter, the best interests of the children are threatened in a material way by circumstances unforeseen at the time of the agreement it is reasonable for a court to entertain a request for modification of either custody or support provisions. As to support, the best interests of the children must be assessed in the

bills. Further, it modified its visitation order of December 7, 1981.

2. Appellee has cross-appealed the trial court's order with regard to the sharing of psychiatric expenses allowed for one of the children. Appellee made a claim for out-of-pocket uninsured expenses for psychiatric treatment and related insurance costs. The Agreement provides that appellant is not responsible for such

expenses unless he has given prior written approval to appellee. The trial court found that appellant disapproved of the therapy, and therefore denied the claim, under the Agreement, for unpaid psychiatric bills. There is support in the record for this finding. Therefore, we affirm this portion of the trial court's order. D.C.Code § 17–305(a) (1981).

context of the standard of living to which the children have become accustomed. *See Benvenuto v. Benvenuto,* 389 A.2d 795, 799 (D.C.1978). However, a change in the parents' financial circumstances alone "cannot provide the basis for modifying a contract between the parties." *Lanahan v. Nevius, supra,* 317 A.2d at 524.[3]

 In modifying the level of alimony/support payments set by the prior Agreement, the trial court applied the standard appropriate when payments previously have been set by a court. Because the standards involve components which are so distinct as to lead, conceivably, to different results, we cannot affirm the trial court's award increasing the level of alimony/support payments. We, therefore, reverse this award and remand for reconsideration consistent with this opinion.

 Appellant also challenges the award of attorney's fees. In light of our reversal, we vacate the award to appellee of $3,274.87 in attorney's fees related to her motion and remand for further consideration. *See Owen v. Owen,* 427 A.2d 933, 939 (D.C.1981). We also vacate the award to appellee of $500 in previous attorney's fees under the Agreement. At trial, appellant claimed that the obligation to pay this amount had not yet matured due to a dispute between the parties involving a final division of personal property. However, the trial court made no findings on the disputed factual issues and, therefore, pursuant to Super.Ct.Dom.Rel.R. 52(a), we also vacate this portion of the attorney's fee award and remand for further findings of fact. *Id.* Finally, in the interest of judicial economy, we request that the trial court make specific reference in its ruling as to (1) appellant's motion for award of attorney fees, and (2) the allocation of payments for

any future psychiatric treatment for the children. *See* note 3 *supra.*

*So ordered.*

---

**3.** We note that in the instant case the Agreement contemplated that appellant might be making three or four times as much income as appellee during the life of the Agreement. It provides for a yearly increase in alimony/support payments which is tied to the Consumer Price Index. This cost-of-living adjustment should be considered by the trial court in determining whether there has been a change in circumstances which was unforeseen at the time the Agreement was entered.