**Wilma E. PORTLOCK, Appellant,**

v.

**Phillip L. PORTLOCK, Appellee.**

**No. 85–244.**

District of Columbia Court of Appeals.

Argued April 22, 1986.
Decided Nov. 26, 1986.

Bernard P. Horn, with whom John V. Long and Oliver Denier Long, Bethesda, Md., were on brief, for appellant.

David John Cohen, Washington, D.C., for appellee.

Before BELSON, ROGERS and STEADMAN, Associate Judges.

STEADMAN, Associate Judge:

Wilma Portlock (wife) appeals the denial of her motion to increase her ex-husband Phillip Portlock's child support obligations above the amount specified in the couple's separation agreement. She contends that the trial court misapplied *Cooper v. Cooper*, 472 A.2d 878 (D.C.1984), in denying her motion. We agree, and therefore remand the case for further proceedings.

### I.

Phillip and Wilma Portlock were married in Maryland in 1972. Their only child, Phillip Andrew Portlock, was born in 1975. The Portlocks decided to separate in 1982. They signed a separation agreement which transferred ownership of the marital home to the wife, and divided the couple's person-al property. The agreement gave the wife custody of Phillip, and gave the husband visitation rights. The agreement also included the following provisions dealing with child support and attorney's fees:

VI. *Alimony and Child Support.*

The wife hereby agrees and consents to waive her right to claim alimony from the husband, and does hereby release and discharge the husband from any such claim. The husband hereby agrees and consents to provide for the education of the parties' minor child, Phillip Andrew Portlock, and to assume full individual responsibility for the costs thereof from the date of execution of this Agreement and continuing until such time as said child may become emancipated in a manner consistent with his current schooling.

\* \* \* \* \* \*

IX. *Attorneys' Fees.*

Each party agrees that he and she will be solely responsible for his and her attorneys' fees in connection with the preparation of this Agreement. Each party does further agree that neither he nor she will ask or apply to the Court for any allowance for counsel fees in any action for divorce on the grounds of voluntary separation that may be filed subsequent to the execution of this Agreement.

Relying on the separation agreement, the wife entered into a real estate listing agreement to sell the marital home. On October 1, 1983, she signed a sales contract with a prospective buyer. She then signed a contract to buy a condominium, trusting that she would be able to use the proceeds from the home sale to finance the purchase.

The wife's plans were frustrated when the husband refused to convey her his interest in the marital home. The wife then sued the husband for divorce, and requested the trial court to order specific performance of the separation agreement. She also asked the trial court to order the husband to pay additional child support in ex-

cess of the support specified in the separation agreement, and to award her attorney's fees.

The husband alleged in opposition that the wife had breached the separation agreement by interfering with his visitation rights. He asked the trial court to award him custody of Phillip, 50% of the value of the marital home, and attorney's fees.

After a hearing, the trial court granted the Portlocks a divorce, and ratified the separation agreement, subject to certain modifications in the husband's visitation rights.[1] The court ordered the husband to convey his interest in the marital home to the wife as provided in the separation agreement. The court denied the wife's request for increased child support, and refused to award either party attorney's fees.

## II.

■ The trial court based its decision to deny increased child support on *Cooper v. Cooper, supra.* The court interpreted *Cooper* as follows:

> Ms. Portlock argues that the Court always has the power to augment child support which has been established in a Separation Agreement.... While this Court agrees that up until February 15, 1984, the Court retained jurisdiction to increase child support payments above those limits specified in a Separation Agreement, the law changed substantially with the issuance of *Cooper v. Cooper*
> ....
>
> \*    \*    \*    \*    \*    \*
>
> [T]he Court of Appeals in *Cooper* imposed a new requirement for the modification of child support payments which have been set by agreement, namely that the party seeking modification must show that the change in circumstances was unforeseen. The Agreement in this case was signed less than two years ago. Ms. Portlock, the party seeking modification, has failed to show any change in circumstances which was unforeseen at the time the Agreement was entered into. Consequently, this Court believed that *Cooper* compels a denial of Ms. Portlock's request to modify the child support provisions contained in the Agreement.

Appellant argues that the trial court misinterpreted *Cooper* in concluding that it lacked authority to modify the separation agreement in this case. We agree.

Voluntary separation agreements reduce court congestion and allow couples to settle their own domestic disputes with "speed, economy and substantial finality." *Spencer v. Spencer,* 494 A.2d 1279, 1284 (D.C. 1985). A divorcing couple may use a separation agreement to establish child custody and visitation rights, and to allocate the amount and type of child support each parent will contribute. We noted in *Cooper* that a voluntary, fairly bargained allocation of child support obligations will generally be enforced in the absence of fraud, duress, concealment or overreaching. *Cooper, supra,* 472 A.2d at 880.

However, it is well established that parents have a legal obligation to support their children, and may not contract away that obligation by including inadequate support provisions in separation agreements. *Lanahan v. Nevius,* 317 A.2d 521, 525 (D.C. 1974); *Blumenthal v. Blumenthal,* 155 A.2d 525, 526–27 (D.C.1959). The trial court always has jurisdiction to order parents to pay more than the agreed-upon level of support, if the children's best interests require it. *Alves v. Alves,* 346 A.2d 736, 738 (D.C.1975); *Lanahan, supra,* 317 A.2d at 525; *Blumenthal, supra,* 155 A.2d at 527; *see also* D.C.Code § 16–916 (1981). *Cf. Burnette v. Void,* 509 A.2d 606, 608–09 (D.C.1986) (best interests of child not affected by "unclean hands" of custodial parent in a motion to increase child support).

Our decision in *Cooper* was not intended to diminish the trial court's power to modify separation agreements by increasing

---

1. These modifications are not challenged on appeal.

child support in cases where the court finds that additional support is necessary to protect the children's interests. *See Albus v. Albus,* 503 A.2d 1229, 1231 (D.C.1986). In *Cooper* it was clear from the record that the parents' separation agreement, when considered in light of the respective assets and incomes of the parents at the time of its execution,[2] provided enough support to meet the children's foreseeable needs at the time it was entered into.[3] Ms. Cooper subsequently sought to increase Mr. Cooper's support obligations to reflect a substantial increase in Mr. Cooper's income (even though the separation agreement itself contemplated that Mr. Cooper's income might rise to become three or four times that of Ms. Cooper during the life of the agreement, 472 A.2d at 881 n. 3). Thus, in *Cooper,* we were required to determine under what circumstances a trial court should modify a voluntary separation arrangement which, when entered into, provided adequate child support. We concluded that the trial court was "free to modify support payments" if the party seeking modification showed "(1) a change in circumstances which was unforeseen at the time the agreement was entered and (2) that the change is both substantial and material to the welfare and best interests of the children." 472 A.2d at 880.

The *Cooper* standard applies only to separation arrangements which initially provide for child support adequate to meet the children's foreseeable needs.[4] Thus, if the parent seeking the modification successfully bears the burden of showing that the separation agreement established a child support arrangement which in its inception was inadequate to meet the children's foreseeable needs, the trial court, as *parens patriae,* has both the power and the responsibility to order additional child support. *See Albus, supra,* 503 A.2d 1229.[5] If the amount of support provided under the initial agreement adequately protected the children's best interest by providing for their then foreseeable needs, the court must apply the *Cooper* standard to determine whether an increase is warranted. The parent seeking modification then has the burden to make a showing of an "unforeseen change in circumstances" which is "substantial and material to the welfare and best interests of the children." 472 A.2d at 880. If such a showing is made, the trial court may order an increase in child support.

In the instant case, the trial court was reviewing the separation agreement for the first time. It erroneously concluded that it was without power to modify the child support arrangements that the parties had entered into except under the *Cooper* standard. Upon remand, the trial court may grant or deny increased child support under the standards set forth above.

2. As in both *Cooper* and the case at bar, the agreement frequently will specify the support obligation of only the parent not having residential custody of the children. Thus, the adequacy of the arrangements may have to be measured, for that reason itself, by more than the agreement standing alone.

3. The judgment of absolute divorce, granted shortly thereafter, "ratified, confirmed and incorporated, but did not merge" the agreement. 472 A.2d at 879.

4. There is no precise formula for determining whether a child support arrangement contemplated in a separation agreement is adequate to meet the children's needs. The trial court should balance "the many factors surrounding the pecuniary situation of the family and the reasonable needs of the [children]." *Benvenuto v. Benvenuto,* 389 A.2d 795, 798 (D.C.1978). A

critical distinction between separation agreements and court-determined support is that in the former the parents contractually determine their respective burdens of child support costs. That allocation should be respected by the trial court if the totality of the child support arrangements meets the children's needs viewed in light of the parents' abilities to pay.

5. This is plainly so where, as here, the trial court is asked to modify the separation agreement terms as part of the original divorce process. We do not here reach the question of trial court power in a situation where at the time of the original divorce decree separation arrangements are ratified by the court (perhaps pro forma) and it subsequently appears that the arrangements were inadequate *ab initio.*

## III.

The wife also argues that the trial court should have awarded her attorney's fees, despite the provision in the separation agreement that neither party would "ask or apply to the Court for any allowance for counsel fees in any action for divorce...." She contends that the parties intended to waive fees only if the divorce was "amicable and uncontested".

Where there is a dispute as to the meaning of a separation agreement not plain on its face,[6] the trial court must interpret the agreement consistently with the parties' intent at the time they entered it. Parol evidence may be considered to determine the parties' intent. *Spencer v. Spencer, supra,* 494 A.2d at 1286.

It is not clear from the record now before us whether the trial court considered the wife's contention that the couple intended to waive their rights to recover attorney's fees only if the divorce was "amicable" and did not involve expensive litigation.[7] On remand, the court should make a finding as to the Portlocks' intent with respect to the fee waiver, and grant or deny attorney's fees accordingly.[8]

*Reversed and remanded.*

---

6. The separation agreement in its preface states it is made "in contemplation of a voluntary separation and amicable, uncontested divorce."

7. The trial court found only that "the issue of attorneys fees is governed by the Separation Agreement."

8. The wife also contends that the trial court erred in refusing to order the husband to undergo psychological counseling as a condition of his child visitation rights. However, she never raised this precise issue before the trial court. In a motion to amend judgment, the wife referred to the trial court's finding that "psychological counseling was advisable for the parties" and suggested "that therapy be mandated." The wife did not request the court to order the husband to obtain counseling as a condition of his visitation rights. We decline to address this issue for the first time on appeal. *See, e.g., Miller v. Avirom,* 127 U.S.App.D.C. 367, 384 F.2d 319 (1967).