Sheila **DERSHOWITZ,** Appellant,

v.

Marc D. **DOCTORS,** Appellee.

No. 90–169.

District of Columbia Court of Appeals.

Argued Dec. 4, 1990.
Decided Jan. 22, 1991.

---

Brian D. West, with whom Mark B. Sandground, Vienna, Va., was on the brief, for appellant.

Peter R. Sherman, Washington, D.C., with whom Meredith B. Trim, Arlington, Va., was on the brief, for appellee.

Before TERRY and FARRELL, Associate Judges, and MACK, Senior Judge.

TERRY, Associate Judge:

This is an appeal from a trial court order denying appellant's motion to increase the amount of child support paid by appellee, and vacating an earlier order by a hearing commissioner directing that a hearing be held on that motion. We affirm.

I

The parties were married in 1966. Their daughter, Jennifer, was born in 1972. In 1978 they entered into a property settlement agreement which provided, *inter alia*, that appellee would pay $1200 per month for the maintenance and support of appellant and Jennifer. Shortly thereafter they separated, and in 1980 they were divorced. The property settlement agreement was not incorporated or merged in the divorce decree.

In 1985, after the mother remarried, the parties renegotiated their agreement. In the amended agreement that resulted, the father promised to pay child support to the mother in the amount of $800 per month, plus $1200 per annum for various activities (*e.g.*, music lessons) for Jennifer. The amended agreement, like the original one,

provided that these payments would continue until Jennifer reached the age of twenty-two or completed her college education, or until certain other contingencies occurred.[1]

In 1989 the mother filed a motion for an increase in child support payments, on the ground of changed circumstances. The motion stated that Jennifer was now attending a private school, that the mother, having remarried, now had another child, and that the father's ability to pay child support had significantly increased. The mother also alleged that both the original and the amended agreement had failed to provide adequate support for Jennifer's foreseeable needs, "especially in light of the current situation." The father opposed the motion, arguing that it failed to state a sufficient basis for the relief requested. A hearing commissioner ordered a hearing "concerning whether the unforeseen change in circumstances is substantial and material to the best interests of the parties' minor child," but a Superior Court judge, on review, vacated the commissioner's order and ordered that the motion be denied "contemporaneous with an entry of a stipulation committing [the father] to pay [Jennifer's] private school tuition." The father thereafter agreed to make such payments, thereby removing the tuition issue from the case. The mother appeals.

II

In the District of Columbia, the law presumes that a child support agreement negotiated between two parents is adequate to meet the child's foreseeable needs, and that at the time of the agreement the best interests of the child were "a paramount consideration." *Cooper v. Cooper*, 472 A.2d 878, 880 (D.C.1984). Consequently, a parent seeking modification of such an agreement "has the burden to make a showing of an 'unforeseen change in circumstances' which is 'substantial and material to the welfare and best interests

---

1. Under the terms of the original agreement, appellee's obligation to maintain his ex-wife terminated upon her remarriage.

of the children.'" *Portlock v. Portlock,* 518 A.2d 116, 119 (D.C.1986), quoting *Cooper, supra,* 472 A.2d at 880. The *Cooper* standard applies in a case such as this one, in which the settlement agreement was neither incorporated nor merged in the divorce decree. *Albus v. Albus,* 503 A.2d 1229, 1231 (D.C.1986).[2]

 We agree with the trial court that, with the tuition issue out of the case,[3] appellant's motion to modify the amended agreement did not meet the *Cooper* standard. In particular, the father's allegedly improved financial situation is not a change in circumstances sufficient to justify modification of a support agreement that has not been merged into a divorce decree. *Lanahan v. Nevius,* 317 A.2d 521, 524 (D.C.1974); *see Cooper, supra,* 472 A.2d at 881. Nor is the mother's starting a second family a sufficient ground for modification. *Hamilton v. Hamilton,* 247 A.2d 421, 423 (D.C.1968); *Armstrong v. Armstrong,* 241 A.2d 735 (D.C.1968). Likewise, there was nothing in the motion to support the conclusory assertion that the original agreement and the amended agreement both failed to provide for the foreseeable needs of the child—*i.e.,* no facts were alleged that, if proven, would overcome the presumption that each agreement already provided for those foreseeable needs. *See Portlock v. Portlock, supra,* 518 A.2d at 119 (party seeking modification "bears the burden of showing that the separation agreement established a child support arrangement which in its inception was inadequate to meet the children's foreseeable needs"). There being no claim of "fraud, duress, concealment, or overreaching," *Davis v. Davis,* 268 A.2d 515, 517 (D.C.1970), we hold that the motion failed to state any cognizable basis for the relief requested, and that the trial court therefore did not err in summarily denying it.

2. *Cooper* also applies to a request for modification of a support agreement which has been "incorporated, but not merged" in the divorce decree. *Albus v. Albus, supra,* 503 A.2d at 1231. A different standard applies when the support provisions are set forth in a court order. *Id.*

3. We are by no means convinced that the payment of private school tuition is an unforeseen circumstance. It seems obvious that such tuition for any child under the age of eighteen, at least, would be foreseeable at the time a support agreement is worked out between the child's parents. However, since the father has agreed to pay the tuition (and represents in his brief that he has in fact paid it), we need not consider this point further.

 Appellant argues vigorously that her "due process" right to a hearing was denied when the trial court vacated the commissioner's order directing that a hearing be held. This contention is essentially frivolous. Due process does not require a hearing on a motion that is, on its face, plainly without merit and fails to state any valid ground for relief. We know of no authority that holds otherwise.

The order of the Superior Court from which this appeal is taken is accordingly

*Affirmed.*