Josephine ROLLINS, Appellant,

v.

Wayne E. ROLLINS, Appellee.

No. 91–41.

District of Columbia Court of Appeals.

Argued Dec. 19, 1991.

Decided Feb. 11, 1992.

Susan S. McDonald, Asst. Corp. Counsel, with whom John Payton, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for appellant.

Othello G. Jones, Jr., Washington, D.C., for appellee.

Before ROGERS, Chief Judge, and TERRY and FARRELL, Associate Judges.

FARRELL, Associate Judge:

In this appeal, we reverse an order of the trial court dismissing on grounds of full faith and credit a petition for child support filed in the District of Columbia. We remand for consideration of an issue the parties have not briefed or raised on appeal.

I.

The basic facts are not disputed. Josephine Rollins and Wayne E. Rollins entered into a voluntary separation, child custody, and property distribution agreement on September 2, 1977. The separation agreement provided that, among other contributions, Mr. Rollins was to provide child support until the child, Robin Rollins, reached the age of nineteen, one year longer than required by the law of Maryland, where one or both of the parties then resided. On June 2, 1980, the Circuit Court for Prince George's County, Maryland, granted the parties an absolute divorce. The terms of the separation agreement, including the child support provision, were incorporated into the divorce decree, except that the court increased the monthly child support amount by approximately twenty dollars. Appellee made all of the required child support payments.

On August 3, 1989, Mr. Rollins filed a motion in Maryland to terminate child support because the child had turned nineteen on February 23, 1989. A hearing on the motion was held on January 11, 1990. On February 15, 1990, the Circuit Court of Prince George's County entered an order terminating the father's child support obligations under the separation agreement.

On February 20, 1990, Mrs. Rollins filed a petition for child support in the Superior Court of the District of Columbia under D.C.Code § 16–916 (1989). She claimed that because the District of Columbia, un-

like Maryland, provides a right to child support until a child is twenty-one, *see Butler v. Butler*, 496 A.2d 621, 622 (D.C.1985), the court could award support for the child regardless of the Maryland order.[1] Mr. Rollins moved to dismiss, claiming that the Maryland order was final and non-modifiable and thus barred the Superior Court from granting additional child support under principles of full faith and credit. *See* U.S. CONST. art. IV, § 1. After a hearing held on July 17, 1990, the trial court dismissed the mother's petition, concluding that the Maryland decree was entitled to full faith and credit under the Supreme Court's decision in *Yarborough v. Yarborough*, 290 U.S. 202, 54 S.Ct. 181, 78 L.Ed. 269 (1933). In *Yarborough*, the Court held that a decree of permanent alimony for a child, which under Georgia law was inalterable, was *res judicata* and entitled to full faith and credit, thus barring the child from receiving additional support in South Carolina where the child and mother then resided.

Mrs. Rollins now brings this appeal.[2]

## II.

We conclude, contrary to the trial court, that *Yarborough* and principles of full faith and credit do not bar appellant's suit in the District for additional child support. Under the Full Faith and Credit Clause,

> a judgment has no constitutional claim to a more conclusive or final effect in the State of the forum than it has in the State where rendered.... [T]he State of the forum has at least as much leeway to disregard the judgment, to qualify it, or to depart from it as does the State where it was rendered.

*New York ex rel. Halvey v. Halvey*, 330 U.S. 610, 614–15, 67 S.Ct. 903, 906, 91 L.Ed.

1133 (1947). Whereas *Yarborough* involved an inalterable child support decree, *see Yarborough*, 290 U.S. at 212–13, 54 S.Ct. at 185; LEFLAR, AMERICAN CONFLICTS OF LAW § 247, at 298 (3d ed. 1977), appellee asks us to give *res judicata* effect to an order of the Prince George's County Circuit Court that on its face does not purport to be final and inalterable.

The order was entered in Mrs. Rollins' suit for divorce, over which the court retained jurisdiction; and while the order terminated the child support obligation which had been made part of the divorce decree, it concluded with the following language:

> ORDERED, that this case be dismissed *without prejudice*, and it is further,
>
> ORDERED, that this case be declared closed *for statistical purposes only*. [Emphasis added.]

The parties have provided us with no insight into the Prince George's County judge's choice of this language. On its face, it makes clear that the matter of the parties' obligations may be reopened upon at least some showing by a party. Perhaps we would know more about the judge's reasons for not closing the case finally (rather than "for statistical purposes only") had the parties introduced in evidence in this case a report of the Prince George's County Master for Domestic Relations, as well as testimony before the Master, both of which the Prince George's County judge relied on in entering the disputed order. As the party asserting the bar of full faith and credit, we think Mr. Rollins was obliged to demonstrate by materials such as these that the order had greater finality than it appears to have on its face.

1. Mrs. Rollins had resided in the District of Columbia for at least six months before initiating the support action, D.C.Code § 16–902, and Mr. Rollins, although apparently residing in Maryland, was employed in the District so that child support could be deducted from his salary. D.C.Code § 30–307 (1988). Mr. Rollins has never questioned the jurisdiction of the Superior Court to entertain Mrs. Rollins' suit.

2. Mr. Rollins, appellee, contends that this appeal is moot as Robin Rollins has attained the age of twenty-one. However, appellant's suit was filed before the child reached the age of majority, and the passage of time during the appellate process may not block the child's right to support for the period before the child's twenty-first birthday. *See W.M. v. D.S.C.*, 591 A.2d 837, 842–44 (D.C.1991) (discussing retroactive child support); *Cyrus v. Mondesir*, 515 A.2d 736, 737–39 (D.C.1986) (same).

Moreover, although there can be no certainty on this point, the underlying separation agreement provides a possible explanation for the order's inconclusiveness. The separation agreement contains a choice of law provision stating: "This Agreement shall be interpreted in accordance with and controlled by the law of Washington, D.C." The parties thus agreed to application of District of Columbia law, including laws governing child support, to any dispute under the agreement.[3] Conceivably the Maryland judge had this clause in mind, at least partly,[4] and envisioned a dispute such as the present one under District of Columbia law, when he dismissed the case without prejudice and "for statistical purposes only." Whatever the judge's intentions, we cannot regard this order as final as by its own terms it leaves the door open for further proceedings.

Because the Maryland order was not final, *Yarborough* did not require the Superior Court to give it full faith and credit. *See Gamble v. Gamble*, 258 A.2d 261, 262 (D.C.1969) (child support decree subject to modification not entitled to full faith and credit).[5] Therefore, the Superior Court may properly enforce against appellee the obligation of a parent to provide child support until the age of majority. *Butler v. Butler, supra; see* D.C.Code § 30–401.[6] We leave for the trial judge to consider in the first instance a question the parties have not briefed or argued on appeal,

namely, whether the Maryland agreement (as incorporated in the divorce decree) should at least bind the parties as to the *amount* of child support so as to require Mrs. Rollins to show changed circumstances before an increase may be awarded. *See Portlock v. Portlock*, 518 A.2d 116 (D.C.1986); *Albus v. Albus*, 503 A.2d 1229 (D.C.1986); *Hamilton v. Hamilton*, 247 A.2d 421 (D.C.1968). We express no opinion on this question.

Accordingly, the order of the Superior Court dismissing the petition is reversed and the case is remanded for further proceedings.

*So ordered.*

---

3. Mrs. Rollins represents, and appellee does not dispute, that she and the child had resided in the District of Columbia for the entire twenty years before she filed the 1990 petition here, except for a four-month period during which they lived in Maryland.

4. The judge may also have had in mind the wife's right to alimony, since she had "reserve[d] her rights to claim alimony" in the separation agreement.

5. The *Yarborough* majority opinion has found little favor among legal commentators. *See, e.g.,* Ehrenzweig, *Interstate Recognition of Custody Decrees*, 51 Mich.L.Rev. 345 (1953); Ehrenzweig, *Interstate Recognition of Support Duties*, 42 Calif.L.Rev. 382, 385 (1942); Note, *The Scope of Full Faith and Credit To Judgments*, 49 Colum.L.Rev. 153, 171–79 (1942); Note, *The Full Faith and Credit Clause and Conflicts of Social Policy*, 43 Yale L.J. 648 (1934). As Leflar points

out, American Conflicts of Law, *supra*, § 247, at 498, courts have been able to avoid its holding in actions brought under the Uniform Reciprocal Enforcement of Support Act (URESA), enacted in the District of Columbia and codified at D.C.Code § 30–301 *et seq.* (1988). *See, e.g., Howze v. Howze*, 225 A.2d 477 (D.C.1967). Appellant, however, did not bring her petition under URESA. Courts have also distinguished *Yarborough* factually in situations where, unlike in that case, the spouse asserting full faith and credit was no longer a domiciliary of the state whose judgment he relied on. *E.g., Elkind v. Byck*, 68 Cal.2d 453, 439 P.2d 316, 67 Cal.Rptr. 404 (1968); *Thompson v. Thompson*, 645 S.W.2d 79 (Mo.Ct.App.1982). Appellant, however, does not dispute the fact that Mr. Rollins remains domiciled in Maryland.

6. As stated previously, note 1, appellee does not dispute the Superior Court's jurisdiction to entertain the petition.