John L. NELSON, Appellant,

v.

Alice C. NELSON, Appellee.

No. 10086.

District of Columbia Court of Appeals.

Argued Jan. 26, 1977.

Decided Oct. 31, 1977.

Carroll F. Tyler, Jr., Washington, D. C., for appellant.

Allan G. Slan, Washington, D. C., with whom Samuel Green, Washington, D. C., was on the brief, for appellee.

Before GALLAGHER, NEBEKER and MACK, Associate Judges.

PER CURIAM:

We are asked to review the evidentiary findings and legal conclusions of the trial court with respect to requests by both parties for modifications of alimony and support payments.

The pertinent facts in this case are as follows. In December 1969, a modified order of support and maintenance (growing out of a 1963 absolute divorce for desertion) required John Nelson, appellant herein, to pay $30 monthly to his former wife, Alice; $100 monthly to his minor son Michael; and $50 monthly on accrued arrears. In 1974, both Mr. and Mrs. Nelson moved to modify the 1969 order. Mr. Nelson, on the one hand, sought to terminate his alimony and support obligations. In support of his motion, he submitted evidence that his ex-wife's income had increased substantially since 1969, and that his son had turned twenty-one in 1973. Mrs. Nelson, on the other hand, sought to increase the alimony and support obligations, and, in addition, moved for the second time that John Nelson be held in contempt of court. In support of her first motion she offered evidence that Mr. Nelson's income had also increased since 1969 and that Michael was disabled. In support of the motion for contempt, Mrs. Nelson gave evidence that her husband was considerably in arrears on payments due under the 1969 order.

In 1975, the trial court ordered that Mr. Nelson's alimony obligation should be increased to $50 and his support obligation

should continue at $100. In addition, the judge found that Mr. Nelson should be held in contempt of court for failure to pay $4,747.48 alimony and support due under the 1969 order, but that the contempt commitment should be stayed so as to provide an opportunity for payment of the arrearages. The court also ordered that Mr. Nelson pay $3,250 representing 50% of certain student loans which had been taken out prior to the time Michael turned twenty-one. Finally, the court directed Mr. Nelson to pay $600 attorneys' fees and $35.80 costs.

## I. CHILD SUPPORT.

■ The general rule in the District of Columbia is that a parent's legal duty to support a child terminates when the child reaches majority. *Spence v. Spence*, D.C. App., 266 A.2d 29 (1970). An exception to the rule is carved out by statute, so that a parent may be liable for the maintenance of a mentally ill child who is hospitalized even after that child turns twenty-one. D.C. Code 1973, § 21–586. Many jurisdictions have, by case law, also imposed on parents a duty to support physically disabled children after majority. *See* 59 Am.Jur.2d *Parent and Child* § 103 (1971) and cases cited therein.

In the trial court, Mrs. Nelson argued that Michael was blind in one eye and consequently was disabled and needed support even after he had attained the age of twenty-one. However, the record shows that Michael was able to take care of himself even to the point of driving his own car. Furthermore, Michael was clearly able to earn a living, and had in fact been employed in various jobs, although at the time of the 1974 trial he was temporarily out of work due to illness.[1] In light of these facts, we need not intimate any view here as to whether, in the absence of statutory authority, we might adopt a rule requiring parental support beyond majority for truly disabled children. Michael was not, under any view of the facts sufficiently disabled to come within the scope of such a rule.

## II. ALIMONY.

■ The standard with respect to modification of an alimony order is that such a decree

> can be modified only upon a showing of a substantial and material change in the conditions and circumstances of the involved parties since the entry of the decree. [*Tydings v. Tydings*, D.C.App., 349 A.2d 462, 463 (1975).]

In this case, from the time of the 1969 order to the time of the 1975 order, Mr. Nelson's income increased from $6,736.20 a year to $9,770.88 a year. During that same period Mrs. Nelson's income nearly tripled, going from $5,965.92 a year to $17,000 a year. The only other "change in conditions and circumstances" between 1969 and 1975 that appears from the transcript is that Mrs. Nelson spent considerable amounts of money and incurred substantial debt in putting Michael through college.

It is not entirely clear why the trial court increased appellant's alimony obligation. The court would not have been justified in increasing the payments solely on the basis of a slight growth in Mr. Nelson's income, in view of the fact that Mrs. Nelson's income had grown at a far more rapid pace. *Cf. Sheridan v. Sheridan*, D.C.App., 267 A.2d 343, 346–47 (1970). Moreover, in evaluating the need for alimony the trial court could not take into account expenditures made by Mrs. Nelson on behalf of her son. These expenditures are properly considered in connection with the duty of child support, not in connection with alimony. Accordingly, because we can discern from the record "no material change in . . . conditions and circumstances" warranting the increase in alimony, we must remand the case for reconsideration or clarification as to this issue.

## III. OTHER ELEMENTS OF THE 1975 DECREE.

■ As mentioned above, one part of the trial court's decree required Mr. Nelson

---

1. Because the record is clear with respect to Michael's ability to work, we need not rule on Mr. Nelson's motion that we allow evidence to

be added to the record showing that his son is presently employed and earning $10,000 a year.

to pay $3,250 towards his son's education. That requirement was based on an in-court agreement and is not disputed on appeal. A final section of the 1975 order required Mr. Nelson to pay the costs of the litigation and counsel fees. Appellant argues that the amount of counsel fees awarded against him is excessive in light of his financial circumstances.

It is true, as appellant points out, that a husband's ability to pay is one factor to be considered in determining the correct amount for an award of counsel fees under D.C. Code 1973, § 16–916, *McGehee v. Maxfield*, D.C.App., 256 A.2d 576, 579 (1969) and cases cited therein. It is also true, however, that this determination is for the trial court and that court's decision should be upheld unless a clear abuse of discretion has been shown. *Id.* We cannot say that the $600 award is clearly excessive, even taking into

account Mr. Nelson's relatively small resources.

## IV. REMEDY.

■ In accordance with the foregoing, we order that the 1975 decree is (1) *reversed* insofar as it purports to extend Mr. Nelson's duty to support his child beyond the date when the motion for termination was filed;[2] (2) *affirmed* as regards the payment of $3,250 in educational expenses and $635.80 in costs and counsel fees; and (3) *remanded* for further proceedings with respect to the amount of alimony Mr. Nelson should pay subsequent to 1975.

---

2. If the $4,747.48 of arrearages which the trial court found to be due includes child support payments accruing after Michael turned twenty-one, the amount of arrearages should be recalculated accordingly. Such a recomputation, we note, does not amount to a retroactive modification of support payments which have fallen due, as the 1969 order could not legally require Mr. Nelson to maintain Michael after majority. D.C. Code 1973, § 16–916. *Compare, e.g., Brown v. Brown*, 92 U.S.App.D.C. 319, 205 F.2d 720 (1953) where the change in circumstances (emancipation by leaving school and commencing work) was not such as to necessarily preclude any continuing duty of support.