**Jack RITTENHOUSE, Appellant,**

v.

**Kathleen C. RITTENHOUSE, Appellee.**

**No. 82–617.**

District of Columbia Court of Appeals.

Argued April 13, 1983.

Decided May 16, 1983.

Richard J. Mudd, Washington, D.C., for appellant.

Leo N. Gorman, Asst. Corp. Counsel, with whom Judith W. Rogers, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., on brief, for appellee.

Before MACK and TERRY, Associate Judges, and PAIR, Associate Judge, Retired.

PER CURIAM:

Appellant here challenges the denial of his "Motion for Relief From Order of Support," in which he sought a reduction in the amount of his child support payments. This action commenced upon appellee's filing of a petition under the Uniform Reciprocal Enforcement of Support Act (URESA), D.C.Code § 30–301 *et seq.* (1981), in Maryland. Appellee sought support for appellant's three children. The Maryland court ordered appellant to pay a "fair and reasonable amount" ($75.00 per week) for arrearages in child support payments and ordered the petition to be transmitted under URESA to the Superior Court of the District of Columbia. The District of Columbia trial court ordered appellant to pay $150 biweekly in support for his three children. Appellant then moved for relief from this order and for a reduction in his court ordered child support payments. Appellant claims that since his eldest child has reached the age of majority (18 years of age) under Maryland law, the law of the jurisdiction in which the child resides, appellant is no longer obligated to provide that child with support. The trial court denied appellant's motion and we affirm.

Under URESA the District of Columbia, as the "responding state" (D.C.Code § 30–302(3) (1981)), is required to make an independent determination of whether appellant owes a duty of support to appellee. *Harris v. Kinard,* 443 A.2d 25, 27 (D.C.1982); D.C.Code § 30–315 (1981). That determination is to be made pursuant to "the law of any state in which the defendant was present during the period for which support is sought ...." D.C.Code § 30–304 (1981).

Appellant is presently, and was at all relevant times, a District of Columbia resident. Further he concedes that under District of Columbia law his duty to support his son would extend until the child reaches 21 years of age. *See* D.C.Code § 16–916 (1981); *Nelson v. Nelson,* 379 A.2d 713 (D.C. 1977). Therefore, respondent is obligated to provide support until the child reaches age 21.[1]

*Affirmed.*

---

1. We reject appellant's claim that the application of District of Columbia law violates his right to equal protection of the law and his right to due process of law. Appellant cannot be heard to complain about the application of the law of the jurisdiction in which he is domiciled.