George N. BUTLER, Appellant,

v.

Beatrice BUTLER, Appellee.

No. 84–1444.

District of Columbia Court of Appeals.

Submitted June 11, 1985.

Decided Aug. 12, 1985.

Ronald C. Crump, Washington, D.C., for appellant.

Hugh H. Lewis, Washington, D.C., for appellee.

Before NEBEKER, FERREN, and ROGERS, Associate Judges.

PER CURIAM:

Appellant appeals the denial of his motion to terminate court ordered child support when his child reaches age 18. He contends the trial court erred in interpreting D.C.Code § 30–401 (Supp.1984)[1] and misapplied *Rittenhouse v. Rittenhouse,* 461 A.2d 465 (D.C.1983). He asserts that the statute was intended to lower the age of majority to eighteen for all purposes except with regard to outstanding decrees in the District of Columbia and decrees in other jurisdictions which have a different age of majority. We affirm.

1. D.C.Code § 30–401 (Supp.1984) provides:

Notwithstanding any rule of common or other law to the contrary in effect on July 22, 1976, the age of majority in the District of Columbia shall be 18 years of age, except that this act shall not affect any common law or statutory right to child support.

Where a statute is clear on its face, there is no need to engage in an analysis of legislative intent. *Peoples Drug Stores, Inc. v. District of Columbia*, 470 A.2d 751, 753 (D.C.1983) (en banc); *see Mendes v. Johnson*, 389 A.2d 781, 786 (D.C.1978). D.C.Code § 30–401 is such a statute.

Child support is a common law right which arises by virtue of the existence of the family relationship, *Pleasant v. Washington Sand & Gravel Co.*, 104 U.S. App.D.C. 374, 375–76, 262 F.2d 471, 472–73 (1958); *District of Columbia ex rel W.J.D. v. E.M.*, 467 A.2d 457 (D.C.1983). Appellant's child's right to support does not depend on the divorce decree. *Nelson v. Nelson*, 379 A.2d 713, 715 (D.C.1977). The District of Columbia Code does not provide additional or alternative rights to child support but does provide for jurisdiction in the Superior Court to enforce that right. D.C. Code §§ 11–1101(3), 16–916 (1981). *See Smith v. Smith*, 344 A.2d 221 (D.C.1975) (court order defines monetary amount and payment schedule).

D.C.Code § 30–401 did not supersede the common law right to child support, and our previous opinions should not be read as interpreting the statute to alter this common law obligation. Child support obligations in the District of Columbia continue until age twenty-one. *Rittenhouse v. Rittenhouse, supra,* 461 A.2d at 466. The statute merely provides that notwithstanding other provisions of the D.C.Code making a person an adult at age 18, for purposes of child support, a person is considered a child until age 21. *See Creamer v. Creamer*, 482 A.2d 346, 350 (D.C.1984) (dictum). The common law does not grant the right of child support to an adult. The statute merely defines age for common law support purposes.

Accordingly, we find no merit to appellant's contention that his obligation ceased when his child became age eighteen because he was ordered to pay child support in a divorce decree rendered subsequent to the enactment of D.C.Code § 30–401. The Code provision is clear on its face and does not change the previous law regarding child support.

*Affirmed.*