Bernadette **MILLER**, Appellant,

v.

Silas Edward **MILLER**, Appellee.

No. 88–569.

District of Columbia Court of Appeals.

Submitted July 12, 1989.
Decided Aug. 11, 1989.

---

Before NEWMAN, STEADMAN, and FARRELL, Associate Judges.

## JUDGMENT AND ORDER

PER CURIAM.

■ Appellant contends that the trial court abused its discretion in refusing to amend the child support component of a judgment of absolute divorce, in response to appellant's motion under Super.Ct.Dom. Rel.R. 60(b)(1) requesting relief from a default judgment. We affirm the denial of appellant's motion. We are unable to say that the trial court abused its discretion, for the court does not appear to have entered judgment on the ground of default or non-appearance by appellant. Rather, the record before the court at the time it granted the divorce, which included appellant's answer to the complaint and representations by others at the divorce hearing, persuaded the court that appellant did not dispute the previous child support arrangements and that there was no reason these should not be incorporated into the divorce decree. We find no error in the court's ruling.

We conclude, nevertheless, that this case is one that requires us to exercise the authority reposed in us by D.C.Code § 17–306 (1981) to remand the cause and order such further proceedings as may be required in the interests of justice.[1] Specifically, appellant's motion to amend the judgment asserted that court records would document that appellee, Mr. Miller, is seriously in arrears in the payment of his child support obligations. Appellant therefore requested that appellee be held in contempt or that, alternatively, his wages be withheld to satisfy the arrearage and future support obligations. Further, appellant pointed out to the court that since the entry of the original child support order in this case (S–44–86),[2] the Child Support Guideline, Super.Ct.Gen.Fam.R.App. I, had been adopted by the Superior Court and required that appellee's support obligation be recomputed. Although appellant made these assertions by way of a motion for relief from a putative default judgment, we conclude that the trial court properly could have treated them as an original motion to modify and/or enforce the existing child support order. We direct the court to treat them so on remand.

---

1. Section 17–306 provides, in part, that "[t]he District of Columbia Court of Appeals may affirm, modify, vacate, set aside or reverse any order or judgment of a court or any division or branch thereof, ... and may remand the cause and ... require such further proceedings to be had, as is just in the circumstances."

2. The order in case S–44–86, a consent order, was docketed on July 17, 1986. Appellant had had no direct involvement in that case; the petitioner had been the District of Columbia, which subrogated to appellant's rights by virtue of the fact that she received public assistance. *See* D.C. Code §§ 3–213.1; 30–503 (1981).

"In the District of Columbia parents have an unqualified obligation to contribute to the support of their children." *Burnette v. Void,* 509 A.2d 606, 608 (D.C.1986). If Mr. Miller was in arrears in meeting his support obligation, it did not matter that appellant, in her answer to the complaint for divorce, appeared to concede that he was paying "to the best of his ability." That is so because "[a]n order for child support does not involve only the parent required to make such payments and the parent entitled to receive them. Child support is a right which belongs to the child." *Id.; Portlock v. Portlock,* 518 A.2d 116, 118 (D.C.1986). Here, the allegation made was that Mr. Miller, since the start of his child support obligation, had paid a total of $564, an average of $37.60 a month (compared to an obligation of $94.00 a month), or only 18% of the $3,102 due as of October 30, 1987. If these representations are correct, then appellee was, and may still be now, seriously in arrears in complying with his duty of support. The interests of the children require that these allegations be confirmed or refuted. On remand the trial court must determine, as expeditiously as possible, the extent of any current arrearage in appellee's support duty and fashion whatever remedy is necessary.

Similarly, in her motion to amend judgment appellant asked the trial court to recompute Mr. Miller's support obligation under the Child Support Guideline adopted by the Superior Court on September 28, 1987. Appellant represented that application of the Guideline would mean an increase by more than fifty percent in the monthly support that appellee was obligated to pay. Although appellant alleged no change of circumstances in regard to the needs of her children, we conclude that she was entitled to have the trial court at least consider the applicability of the Child Support Guideline to the existing support order. We express no view about the general validity of the Guideline or its application to this case. Issues regarding the legality of the Guideline are currently before this court,[3] and nothing in our order today is intended to prejudge those issues. The pendency of a general challenge to the Guideline, however, does not relieve the trial court of the need to determine whether the Guideline, assuming its legality, may properly be applied in the circumstances of this case and, if so, whether it requires modification of the child support order. In particular, the court should inquire whether the adoption of the Guideline is itself a material and substantial change in circumstances which justifies modification of a previous support order. *Hamilton v. Hamilton,* 247 A.2d 421, 423 (D.C.1968); *see generally, Garland v. Cobb,* 117 Daily Wash.L.Rptr. 1365 (D.C.Super.Ct. July 3, 1989). We express no opinion on that question either.

We observe, finally, that the remand we direct is not made less necessary because, as appears, the District of Columbia rather than appellant is the current recipient of part or all of the child support appellee is paying. See D.C.Code § 30–503 (District subrogated to right of custodial parent to receive child support where latter is receiving public assistance). Although the trial court may wish to, and indeed should, insure that the District of Columbia is represented at the remand hearing, appellant has a direct and substantial interest in the amount and enforcement of Mr. Miller's support obligation. That is particularly true since she represents that she is seeking employment which may result in the termination of her public assistance.

Accordingly, we affirm the denial of appellant's motion to vacate or amend default judgment. However, we remand the case to the trial court with directions to conduct, at the earliest opportunity, a hearing to determine the extent, if any, of arrearage in appellee's compliance with his support obligation, and to fashion any remedial measures required; and further to determine the applicability of the Child Support Guideline to the circumstances of this case. Appellant's request for attorney's fees and costs is denied without prejudice to renewal at the end of these proceedings.

*So ordered.*

---

**3.** *Fitzgerald v. Fitzgerald,* No. 87–1259, appeal  pending.