**Kenneth SOLLARS, Appellant,**

v.

**Karen CULLY, Appellee.**

**No. 04–FM–1667.**

District of Columbia Court of Appeals.

Argued May 9, 2006.

Decided Aug. 3, 2006.

*Flemming v. United States*, 546 A.2d 1001, 1004 (D.C.1988).

Sallie A. Farrow, with whom Kenneth Sollars, pro se, was on the brief for appellant.

Edward E. Schwab, Deputy Attorney General, with whom Robert J. Spagnoletti, Attorney General, and Mary L. Wilson, Senior Assistant Attorney General, were on the brief for appellee.

Before GLICKMAN, KRAMER and FISHER, Associate Judges.

KRAMER, Associate Judge:

The appellant challenges a consent order for child support on the grounds that it is barred by the doctrine of *res judicata* because the appellee, the child's mother, voluntarily vacated a previous support order. We conclude that *res judicata* does not apply and affirm the child support order.

## A.

The appellant, Mr. Sollars, and the appellee, Ms. Cully, are the biological parents of a now fourteen-year-old daughter. Ms. Cully is the custodial parent and lives with her daughter in Florida. Ms. Cully filed her first petition for child support on July 23, 1999, when her daughter was seven years old. A consent order for support was entered on December 8, 1999, and Mr. Sollars complied with that order.

On August 27, 2002, the District of Columbia Office of Corporation Counsel,[1] filed a praecipe in the Superior Court representing that the initiating jurisdiction, Florida, had requested that this case be closed "for enforcement purposes," and that the court "zero the arrears" and "withdraw any wage withholding and/or tax intercept request immediately." [2] A Magistrate Judge signed the praecipe on

---

1. Now the Attorney General's Office for the District of Columbia.

2. The Uniform Interstate Family Support Act, D.C.Code § 46–301.01 *et seq.* (2001), establishes procedures by which a parent in another jurisdiction may file a motion for, among other things, the establishment, enforcement or modification of a child support order in the District of Columbia. D.C.Code §§ 46–303.01, 303.05 (2001). When such a motion is filed in another jurisdiction, the trial court in the District must "cause the petition or pleading to be filed and notify the petitioner as to where and when it was filed," D.C.Code § 46–303.05 (2001), and "may issue a support order if ... [t]he individual seeking the order resides in another state; or ... [t]he support enforcement agency seeking the order is located in another state." D.C.Code § 46–

304.01(a) (2001). Moreover, the statute requires a "support enforcement agency," defined in part as an entity authorized to seek the enforcement and modification of child support orders, to provide services in the District to a movant in another jurisdiction. D.C.Code §§ 46–301.01(23), 303.07(a) (2001). *See* D.C.Code § 16–2341(a) (2001) ("[W]here an individual seeks assistance pursuant to part D in title IV of the Social Security Act ... the Attorney General or an assistant may bring a civil action in the Family Division to enforce support of any parent or child against an absent parent."). In this case, the Corporation Counsel acted in accordance with motions that Ms. Cully filed in her state of residence, Florida, that had been forwarded to the District of Columbia, where Mr. Sollars resides.

September 17, 2002, and Mr. Sollars ceased paying child support.

About three months later, the Corporation Counsel filed another praecipe in the Superior Court requesting that the case be reopened. That request was denied. The Corporation Counsel then filed a new petition for child support on Ms. Cully's behalf.

In response, Mr. Sollars filed a motion to dismiss the action, arguing that the court was barred by the doctrine of *res judicata* from considering this second petition for support because the initial support order had been previously decided and voluntarily dismissed. The Magistrate Judge denied the motion, concluding that the doctrine of *res judicata* did not apply to future support payments and noting that "every day is a new day, which entitles the minor child to seek child support." Thereafter, the parties agreed to a new permanent consent order for child support with the understanding that the agreement did not bar an appeal from the Magistrate Judge's ruling rejecting Mr. Sollars' argument that this new child support proceeding was barred by the doctrine of *res judicata*.[3]

Mr. Sollars appealed the Magistrate Judge's decision to an associate judge of the Superior Court.[4] The associate judge concluded that Mr. Sollars had not adequately established that the "order was plainly wrong or based on error of law," and affirmed the decision. Thereafter, Mr. Sollars sought review by this court.

### B.

 The sole issue presented on appeal is whether the doctrine of *res judica-* ta applies to bar entry of the second child support order in this case. Although we generally review child support orders for abuse of discretion, *see Slaughter v. Slaughter*, 867 A.2d 976, 977 (D.C.2005), this case involves the application of a legal principle and so our review is *de novo*. *See* D.C.Code § 17–305(a) (2001).

 We have recognized that "[i]n the District of Columbia parents have an unqualified obligation to contribute to the support of their children," and likewise that "child support is a right which belongs to the child." *Miller v. Miller*, 561 A.2d 1005, 1007 (D.C.1989) (quoting *Burnette v. Void*, 509 A.2d 606, 608 (D.C.1986)) (internal quotations omitted). *See Bowie v. Nicholson*, 705 A.2d 290, 292 (D.C.1998) ("[A] parent has a legal duty to provide support to his or her children if able to do so, and a court may enforce that duty by an appropriate order."). We have also stated that "[c]hild support is a common law right which arises by virtue of the existence of the family relationship." *Butler v. Butler*, 496 A.2d 621, 622 (D.C.1985). When assessing child support obligations, we "look to the children's best interest [which] guarantees that they will be protected." *Nowak v. Trezevant*, 685 A.2d 753, 757–758 (D.C.1996). *See* D.C.Code § 16–916.01 (2001) (child support guidelines). The duty to pay child support in the District of Columbia extends until the child reaches the age of majority, twenty-one years old. *Butler, supra*, 496 A.2d at 622.

D.C.Code § 16–916(c) (2001) specifically provides:

---

3. When the Magistrate Judge signed the order, he expressly recognized Mr. Sollars' option to "seek review of [the] ruling denying his motions."

4. Pursuant to Super. Ct. Gen. Fam. R. D(e) (2001), a Magistrate Judge's judgment on the support order is reviewable "by a judge designated by the Chief Judge to act on all motions for review under this Rule upon motion of a party."

When a father or mother fails to maintain his or her minor child, the Court may decree that the father or mother pay reasonable sums periodically for the support and maintenance of the child . . . .

Moreover, our law expressly contemplates that the considerations underlying a support order may change during the years where a child is entitled to support, and therefore those obligations may be reviewed and modified over time. Specifically, D.C.Code § 46–204(a) (2001), provides:

Any order requiring payment of an amount of child support, regardless of whether the amount of the child support was the subject of a voluntary agreement of the parties, may be modified upon a showing that there has been a substantial and material change in the needs of the child or the ability of the responsible relative to pay since the day on which the order was issued.

That provision also establishes that "[a]n award of alimony, child support, or maintenance is a money judgment that becomes absolute, vested, and upon which execution may be taken, when it becomes due." D.C.Code § 46–204(b) (2001).

On the other hand, "[w]here there has been a *final* judgment on the merits of a claim, the doctrine of *res judicata* 'precludes relitigation in a subsequent proceeding of all issues *arising out of the same cause of action* between the same parties or their privies, whether or not the issues were raised in the first trial.'" *Nuyen v. Luna*, 884 A.2d 650, 658 (D.C. 2005) (citing *Faulkner v. Gov't Employees Ins. Co.*, 618 A.2d 181, 183 (D.C.1992)) (emphasis added). *See also Liuksila v. Stoll*, 887 A.2d 501, 506 (D.C.2005) ("[U]nder the doctrine of *res judicata*, a prior judgment on the merits raises an absolute bar to the relitigation of the same cause of action between the original parties.") (quoting *Goldkind v. Snider Brothers, Inc.*, 467 A.2d 468, 473 (D.C.1983)).

In *Nowak v. Trezevant, supra*, relied upon by Mr. Sollars, we applied *res judicata* to a child support case where a daughter attempted to relitigate the discrete issue of whether her father was responsible to pay her college tuition as a form of child support. Some years earlier, a consent order had issued which had "terminated [the father]'s obligations to pay health insurance and college tuition . . . in exchange for higher monthly child support payments to begin immediately." 685 A.2d at 755. We determined that the doctrine of *res judicata* barred the daughter from relitigating the college tuition issue, since she was in privity with her mother, who was inherently representing her daughter's interests in the prior litigation. *Id.* at 757–758.

*Nowak*, however, is easily distinguishable from the matter here. In this instance, the child support order was simply vacated without any issues being litigated. In *Nowak*, as part of litigation, the father agreed to increase his monthly child support payments in return for being relieved of his obligation to contribute to his daughter's college expenses (an obligation, we note, that unlike child support, is not required by law). There is nothing in our law, or for that matter consistent with protecting the best interests of children, that would suggest that allowing a child support order to be voluntarily vacated should result in a permanent bar to future actions for child support. *Nowak* represented a discrete and limited exception to the general rule broadly defining a parent's obligation to support their child and recognizing that support orders may

change over time. *See also Miller, supra,* 561 A.2d at 1007.[5]

Mr. Sollars, on the other hand, is here contesting the requirement that he pay any support to his daughter, based on a dismissal "for enforcement purposes," devoid of any discussion of the merits of the case.[6] That document did not dismiss his duty to support, which is ongoing and modifiable until his daughter reaches the age of majority, and therefore the dismissal of the support order in this case was not sufficiently final under the law to invoke *res judicata. See Nuyen, supra,* 884 A.2d at 658.

In this jurisdiction, the law also establishes that causes of action for child support arise as t he support becomes due, making it an ongoing responsibility. D.C.Code § 46–204(b) (2001). The initial order in this case pertained to the child support that had accrued until the order was vacated, and the second petition for support was thus based on newer, separate claims for support. The second child support order in this case is therefore not barred by *res judicata* since it is based on claims distinct from the first order. *See*

*Nuyen, supra,* 884 A.2d at 658. Accordingly, the child support order is hereby

*Affirmed.*

---

**5.** Mr. Sollars cites the Code of Federal Regulations (CFR) as authority for his argument. Specifically, he claims that 45 CFR § 303.4(e) establishes that a support order is dismissed with prejudice unless the state agency specifies otherwise, and, since the District did not do that here, Ms. Cully is thus precluded from reopening the case. He also relies upon 45 CFR § 303.11(c) as a basis for precluding Ms. Cully from re-opening the case. We do not consider these provisions in our analysis, however, because the CFR has no bearing on our review of the propriety of the second child support order. The federal regulations establish guidelines for state agencies in the formation of their child support programs and carry no authoritative weight on whether the support order at issue in this case is barred by *res judicata.* Our review is bound by the D.C.Code § 46–201 *et seq.* (2001), and

our long-standing case law which set forth the governing principles in this jurisdiction regarding child support orders. The appellant's claims based on the CFR are therefore without merit.

**6.** At oral argument, counsel for the appellant made allegations that Ms. Cully had voluntarily vacated the prior support order and then petitioned for more support in bad faith and that therefore the application of *res judicata* is particularly appropriate here. The record is devoid of any information regarding why the support order was vacated or reinstated, or other facts surrounding those actions, and so we decline to consider Mr. Sollars' claims of impropriety on appeal. *See District of Columbia v. Eastern Trans–Waste of Md., Inc.,* 758 A.2d 1, 5 n. 5 (D.C.2000).