**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-68

UNITED STATES TAX COURT

PATRICIA DIANE ROSS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8728-13S.                       Filed July 10, 2014.

Patricia Diane Ross, pro se.

<u>Adam P. Sweet</u>, for respondent.

SUMMARY OPINION

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was filed.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any

other court, and this opinion shall not be treated as precedent for any other case.

Unless otherwise indicated, subsequent section references are to the Internal

Revenue Code in effect for the years at issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent issued a statutory notice of deficiency to petitioner determining deficiencies in income tax of $3,021 for 2007 and $7,348 for 2008. Respondent determined an addition to tax under section 6651(a) for failure to file timely a Federal income tax return for 2007 of $94 and for 2008 of $530.70. Respondent also determined accuracy-related penalties under section 6662(a) of $604.20 for 2007 and $1,469.60 for 2008.

After concessions,[1] the issues remaining for decision are whether petitioner: (1) is entitled to deduct for 2007 and 2008 expenses for the business use of her home; (2) is entitled to deduct for 2007 and 2008 amounts paid to her minor children as wages; (3) is liable for section 6651(a) additions to tax for failure to file timely her Federal income tax returns for 2007 and 2008 without reasonable

---

[1]Petitioner did not contest in the petition adjustments A and B on Form 4549B, Income Tax Examination Changes, of the notice of deficiency for either year, and the issues are deemed conceded. See Rule 34 (b)(4). Respondent determined in petitioner's favor in the notice of deficiency adjustment D for 2007 and adjustments E, G, and H for both years. Adjustment F, self-employment tax, is computational. Petitioner made no argument at trial and presented no evidence with respect to adjustment I, and it is deemed conceded. See Bradley v. Commissioner, 100 T.C. 367, 370 (1993); Sundstrand Corp. v. Commissioner, 96 T.C. 226, 344 (1991). The parties stipulated that the returns for both years were not timely filed.

cause and due to willful neglect; and (4) is liable for accuracy-related penalties under section 6662(a) for 2007 and 2008.

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received in evidence are incorporated herein by reference. Petitioner resided in Washington, D.C., when the petition was filed.

Background

Petitioner was a sole proprietor engaged in multiple business activities in the years at issue. She ran a business called Ross Professional Services, LLC (RPS), that did Government "staffing" work involving things like résumé and application preparation and background and reference checks. She was also engaged in consulting and had a tax preparation business. In 2007 and most of 2008 RPS operated in rented space in a building near petitioner's house. Petitioner did her consulting and tax preparation work in the basement of her home.

Petitioner filed with her Federal income tax return for each year only one Schedule C, Profit or Loss From Business, for all of her business activities under the name RPS. The Schedules C filed for 2007 and 2008 claimed deductions for home office expenses. On Forms 8829, Expenses for Business Use of Your Home, on the line for "area used regularly and exclusively for business",

petitioner placed the number 33. On the line for "Total area of Home" petitioner placed the number 100.[2] She then computed the percentage use of her home for business as 33%.

Petitioner's three children worked in her RPS operations. In 2007 the children were ages 15, 11, and 8. In general, the children's work included shredding, stuffing envelopes, copying, sorting checks, filing, "pulling" trash, carrying equipment, and helping to shop for supplies. Petitioner prepared timesheets, Forms W-2, Wage and Tax Statement, and other employment tax returns in the names of her children. After researching Internal Revenue Service publications she did not withhold or pay over employment taxes or income tax in connection with their work. Most of the amounts petitioner considered as wages paid to her children were payments she made to third parties. Two of the children had recorded earnings exceeding $3,000 in 2007, and all three had recorded earnings exceeding $3,000 in 2008. Petitioner did not withhold Federal income tax with respect to the amounts she considered as wages paid to her children.

Most of the receipts represented as expenditures for the benefit of petitioner's children are petitioner's credit card purchases for meals at restaurants,

---

[2]Petitioner submitted at trial separate Schedules C for RPS and her "consultant and tax preparer" business claiming business use of her home only for the latter.

many of them for pizza. Although most of the expenditures are in the local, Washington, D.C., area there are receipts for expenditures in New Jersey, Florida, North Carolina, California, and the State of Washington. A large number and amount of other payments are to "Score Learning I", which petitioner described as a "tutoring play activity service".

Petitioner provided receipts for purchases that she made, largely by credit card, from January through September of 2007 and for the full year 2008. She also provided for both years checking account statements from her bank on which she made the notation "kids" or their initial next to check card purchases, "point of sale debits", and ATM cash withdrawals.

## Discussion

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden of proving that those determinations are erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In some cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a). The Court finds that petitioner has not argued or shown that she has met the requirements of section 7491(a) and the burden of proof does not shift to respondent.

Section 162 generally allows a deduction for ordinary and necessary expenses paid during the taxable year in carrying on a trade or business. Generally, no deduction is allowed for personal, living, or family expenses. See sec. 262. The taxpayer must show that any claimed business expenses were paid primarily for business rather than personal, living, or family reasons. See Rule 142(a); Walliser v. Commissioner, 72 T.C. 433, 437 (1979). To show that an expense was not personal, the taxpayer must show that the expense was paid primarily to benefit his business, and there must have been a proximate relationship between the claimed expense and the business. See Walliser v. Commissioner, 72 T.C. at 437.

Home Office Expenses

Generally, section 280A(a) prohibits individuals from deducting expenses for the use of a dwelling unit that is the taxpayer's residence. But the prohibition on deductions does not apply to an item of expense allocable to a portion of the dwelling that is used "exclusively" and "on a regular basis" as the principal place of business of the taxpayer's trade or business. Sec. 280A(c)(1)(A).

Assuming that a taxpayer has a qualifying trade or business, allowable home office deductions are strictly limited under the statute. Home office deductions are limited to the amount of gross income from the use of the dwelling for a trade or

business, reduced by deductions allocable to the unit regardless of its use as the location of a trade or business, and further reduced by allocable business deductions not related to the use of the unit itself. See sec. 280A(c)(5).[3]

Where a portion of a residence is devoted to business purposes on a regular basis, the portion of the costs incurred in maintaining the residence which is properly attributable to the space used in business is a question of fact to be decided in each case. Feldman v. Commissioner, 84 T.C. 1, 8 (1985), aff'd, 791 F.2d 781 (9th Cir. 1986). In making an allocation of expenses, it would generally be proper to compare the number of rooms or square feet of space devoted to a business purpose to the total number of rooms (assuming rooms of approximately equal size) or square feet in the residence and apply the ratio derived to the total expenses properly attributable to the use of part of the residence for business purposes. Id.; Rodriguez v. Commissioner, T.C. Memo. 2009-22; Swain v. Commissioner, T.C. Memo. 1996-22, aff'd without published opinion, 96 F.3d 1439 (4th Cir. 1996). Other methods may be reasonable under the circumstances and may be acceptable. Feldman v. Commissioner, 84 T.C. at 8.

_____

[3]Amounts not allowable because of the limitation may be carried over to the succeeding taxable year subject to the limitation of that taxable year. Sec. 280A(c)(5).

On Forms 8829 on the line for "area used regularly and exclusively for business", petitioner placed the number 33. On the line for "Total area of Home" petitioner placed the number 100.[4] She then computed the percentage use of her home for business as 33%. Although there is no evidence in the record on the issue, the Court infers that petitioner's computation is based on the number of floors in her house rather than the "area" of the house or the area of the basement used for business.

Petitioner has not offered a sufficient description of her house or her basement to make a determination that her apparent "floor" method is a reasonable one, and she has not established that any other reasonable method was used. Petitioner's basement may include a bathroom, a laundry or utility room, or other areas that were not used in her business.

Generally, the Court may estimate the amount of an expense and allow the deduction to that extent. See Finley v. Commissioner, 255 F.2d 128, 133 (10th Cir. 1958), aff'g 27 T.C. 413 (1956); Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). In order for the Court to estimate the amount of an expense, however, there must be some basis upon which an estimate may be made. Vanicek

---

[4]Petitioner submitted at trial separate Schedules C for RPS and her "consultant and tax preparer" business claiming business use of her home only for the latter.

v. Commissioner, 85 T.C. 731, 742-743 (1985). Without such a basis, an allowance would amount to unguided largesse. Williams v. Commissioner, 245 F.2d 559, 560 (5th Cir. 1957). Because there is an insufficient basis on which to base an estimate of the space used in petitioner's business, respondent's determination on this issue is sustained. See Swain v. Commissioner, T.C. Memo. 1996-22.

Children's Wage Expenses

Petitioner deducted wage expenses on Schedules C for 2007 and 2008 for amounts she said were earned by her minor children doing work for RPS. She described their work as, among other things, shredding, filing, and helping her shop for supplies, carry equipment and take out the RPS trash. Their compensation, however, is not represented by paychecks issued to them. Almost all of the amounts that petitioner claimed as wage deductions for pay to her children are payments in kind or irregular cash withdrawals of unstated purpose.

Compensation is deductible as a trade or business expense only if it is: (1) reasonable in amount, (2) based on services actually rendered, and (3) paid or incurred. See O'Connor v. Commissioner, T.C. Memo. 1986-444; sec. 1.162-7(a), Income Tax Regs. Compensation meeting those requirements is deductible even if the employer is a parent and the employee his or her child. Eller v. Commissioner,

77 T.C. 934, 962 (1981); Hamdi v. Commissioner, T.C. Memo. 1993-38, aff'd without published opinion, 23 F.3d 407 (6th Cir. 1994). When a familial relationship is involved, however, the Court closely scrutinizes the transaction. Denman v. Commissioner, 48 T.C. 439, 450 (1967); Hamdi v. Commissioner, T.C. Memo. 1993-38. Section 262(a) generally disallows deductions for personal, living, or family expenses. A normal supposition when payments are made to dependent children or when items are purchased for them is that the money or items are in the nature of support and thus nondeductible under section 262. Holtz v. Commissioner, T.C. Memo. 1982-436.

According to petitioner, she kept receipts of expenditures that the children "directed" her to make, matched them against their "earnings" and made the appropriate charges against them. Petitioner explained that because her children's bank accounts are in Hampton, Virginia, if she paid them in cash or by check she would have to send a wire transfer. She testified that it was more convenient to have her children "direct her what to do with their money" and that she was so busy she did not have time to open up local accounts for them. Petitioner testified that before the years at issue she paid the children by check or in cash but that she always "found myself having to go to the bank to get their money." Petitioner's

bank records nevertheless show frequent bank transactions, including deposits, ATM withdrawals, and the use of check cards.

In deciding whether payments to a child are deductible, the court examines all the facts and circumstances. Eller v. Commissioner, 77 T.C. at 962. Facts that militate against the deductibility of such payments include: (1) failing to pay employment taxes[5] and file information returns[6] with respect to the child; (2) paying the child a flat amount determined at the beginning of the year that is not based on the services actually performed; (3) a lack of correlation between the dates and amounts of payments and the hours allegedly worked by the child; (4) failing to maintain adequate records of the child's hours worked and amounts

---

[5]Employment tax secs. 3111 and 3301 impose taxes on employers under the Federal Insurance Contributions Act (FICA) and the Federal Unemployment Tax Act (FUTA), respectively, based on wages paid to employees. See Images in Motion of El Paso, Inc. v. Commissioner, T.C. Memo. 2006-19. Sec. 3101 imposes a tax on employees under FICA based on their wages paid, which the employer is required to collect under sec. 3102. Id. For purposes of FICA, employment does not include service performed by a child under the age of 18 in the employ of his father or mother. Sec. 3121(b)(3)(A). For purposes of FUTA, employment does not include service performed by a child under the age of 21 in the employ of his father or mother. Sec. 3306(c)(5).

[6]The return of the FUTA tax is required to be filed on Form 940, Employer's Annual Federal Unemployment (FUTA) Tax Return. Sec. 601.401(a)(3), Statement of Procedural Rules. All other returns of Federal employment taxes generally are required to be filed on Form 941, Employer's Quarterly Federal Tax Return. Id. In addition, wages paid to an employee are required to be reported on Form W-2. Sec. 1.6041-2(a)(1), Income Tax Regs.

earned; and (5) compensating the child for services which are in the nature of routine family chores. See Denman v. Commissioner, 48 T.C. at 450; O'Connor v. Commissioner, T.C. Memo. 1986-444; Hable v. Commissioner, T.C. Memo. 1984-485; Furmanski v. Commissioner, T.C. Memo. 1974-47.

Petitioner did not withhold Federal income tax with respect to the amounts paid for the benefit of her children because she said they were not required to file tax returns. But, except for one child for 2007, they were required to file. A single person who is not married, not a surviving spouse, and not the head of a household must file if his or her gross income exceeds the sum of the exemption amount and the standard deduction. Sec. 6012(a)(1)(A)(i). For both 2007 and 2008 the standard deduction was $3,000. Sec. 63(c)(2)(C). Because the children are petitioner's dependents, the exemption amount is zero. Secs. 6012(a)(1)(D)(ii), 152(d)(2).

Because petitioner's children were minors during the years at issue, however, she was not required to withhold and pay over employment taxes from amounts credited to the children or to file information returns for them. Petitioner also maintained records of the amounts of alleged payments she made for the benefit of the children and the hours allegedly worked by the children. Whether petitioner has shown, however, that the alleged payments are based on services

actually performed or that the children were not compensated for services which are in the nature of routine family chores is less than clear.

Petitioner stated that she paid her office workers $15 to $20 an hour to do some of the same types of work as her children performed. According to petitioner's testimony, she paid the two younger children $8 an hour and the oldest child $10 an hour to shred paper and stuff envelopes. Using the total pay and total hours shown on petitioner's documents the Court computes: (1) the youngest child as having earned $4 an hour in 2007 and $10 an hour in 2008 even though she worked fewer hours in 2008; (2) the middle child as having earned about $8.50 an hour in 2007 and about $9.50 an hour in 2008 having worked fewer hours in 2008; and (3) the oldest child as having earned almost $30 an hour in 2007 and only $9 an hour in 2008 having worked over three times as many hours.

There appears to be no consistent correlation between the hours worked by a child and the amount recorded as paid for the benefit of the child. For example, in January 2008 the oldest child was "paid" $132.27 and worked, according to petitioner's time sheets, 39 hours, a rate of about $3.40 an hour. The same child was "paid" $515.21 for 20.5 hours of work in May 2008, a rate of about $25 an hour. The lack of correlation between the dates and amounts of payments and the

hours allegedly worked by the children militates against the deductibility of the payments.  See O'Connor v. Commissioner, T.C. Memo. 1986-444.

In Denman v. Commissioner, 48 T.C. at 450, the taxpayer's three minor children performed tasks around the home and office including washing windows; cleaning screens; shoveling snow; mowing grass; tending shrubs, trees and underbrush; assembling papers; picking up mail; and stuffing, stamping, and labeling envelopes.  The Court characterized these activities as "in the main part of parental training and discipline rather than the services rendered by an employee for an employer."  The activities performed by petitioner's children seem analogous to some of those performed by the Denman children.

It appears to the Court that one of the main reasons for the lack of correlation between the dates and amounts of "payments to the children" and the hours allegedly worked by the children is that the children were not actually paid. Petitioner argues that they were paid because she bought them things of value "at their direction".  Petitioner prepared for 2008 a spreadsheet showing the composition of the earnings attributed to each child.  Over 50% of the earnings attributed to the oldest child and 62% of the earnings of the middle child were made up of petitioner's payments to Score Learning I.  Half of the earnings attributed to the youngest child were made up of cash withdrawals by petitioner.

Most of the balance of payments attributable to each respective child consisted of amounts petitioner spent on food for the child.

A parent has a legal duty to support his or her children if able to do so. Sollars v. Cully, 904 A.2d 373, 375 (D.C. 2006). Wages paid by a parent to a minor child for services actually performed, however, may be a deductible business expense regardless of the parent's legal obligation to support the child. The use to which the child puts the wages does not affect their deductibility. However, the value of meals and education furnished by a parent to a minor child is not income to the child or a deduction allowable to the parent. See sec. 262(a).

Despite petitioner's substantial documentation, considering all the facts and circumstances, the Court concludes that she has not shown by a preponderance of the evidence that the amounts she claimed as expenses for wages to her minor children are deductible as business expenses.

Additions to Tax

Section 7491(c) imposes on the Commissioner the burden of production in any court proceeding with respect to the liability of any individual for penalties and additions to tax. Higbee v. Commissioner, 116 T.C. 438, 446 (2001); Trowbridge v. Commissioner, T.C. Memo. 2003-164, aff'd, 378 F.3d 432 (5th Cir. 2004). In order to meet the burden of production under section 7491(c), the

Commissioner need only make a prima facie case that imposition of the penalty or the addition to tax is appropriate. Higbee v. Commissioner, 116 T.C. at 446.

Section 6651(a)(1) provides for an addition to tax of 5% of the tax required to be shown on the return for each month or fraction thereof for which there is a failure to file, not to exceed 25%. The addition to tax for failure to file a timely return will be imposed if a return is not timely filed unless the taxpayer shows that the delay was due to reasonable cause and not willful neglect. See sec. 6651(a)(1).

It is petitioner's burden to prove that she had reasonable cause and lacked willful neglect in not filing timely. See United States v. Boyle, 469 U.S. 241, 245 (1985); Higbee v. Commissioner, 116 T.C. 438; sec. 301.6651-1(a)(1), Proced. & Admin. Regs. The parties agree that petitioner did not timely file her Federal income tax returns for 2007 and 2008.

Because petitioner failed to offer any evidence of reasonable cause and lack of willful neglect for her failure to file timely, respondent's determination that she is liable for the addition to tax under section 6651(a)(1) for 2007 and 2008 is sustained.

Accuracy-Related Penalties

Section 6662(a) and (b)(1) and (2) imposes a 20% accuracy-related penalty on "any portion of an underpayment of tax required to be shown on a return" if the underpayment is due to, among other reasons, negligence, disregard of rules or regulations, or any substantial understatement of income tax. Respondent bears the burden of production as to the penalty. Sec. 7491(c).

Negligence is defined as any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, and the term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c). Negligence also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs.

Petitioner did not contest the adjustments for misclassified deductions for commissions and fees, failed to offer evidence of a reasonable allocation of home office expenses, and failed to show that she was entitled to deduct as wage expenses amounts she expended for her children. Respondent has met his burden of production on this issue.

The accuracy-related penalty is not imposed with respect to any portion of an underpayment if a taxpayer demonstrates that there was reasonable cause for

that portion of the underpayment and that he or she acted in good faith with respect to that portion. See sec. 6664(c). Section 1.6664-4(b)(1), Income Tax Regs., specifically provides: "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of * * * the experience, knowledge, and education of the taxpayer." The most important factor is the extent of the taxpayer's effort to assess his proper tax liability for the year. Id.

Petitioner provided some documentation with respect to the amounts she paid for the benefit of her children and the hours of their activities. Petitioner researched Internal Revenue Service publications and the requirements for withholding and reporting employment taxes for the employment of minor children. As the resolution of the wage issue benefits from the application of caselaw, petitioner may not have appreciated that for what and how the children were paid would be such important factors. The Court concludes that petitioner's treatment of the value of her expenditures for her children as wages was the result of a good-faith misunderstanding of the law. The Court finds that petitioner made a reasonable effort to treat these amounts properly on her tax returns.

The other items on her returns were more basic. Petitioner is a paid income tax preparer. Petitioner has not shown, in the light of her experience and

knowledge, that she made a reasonable attempt to comply with the provisions of the Internal Revenue Code with respect to the preparation of her Federal income tax returns for 2007 and 2008 except for the amounts for her minor children that she treated as wages. The Court sustains respondent's determination that petitioner is liable for the accuracy-related penalties with respect to the adjustments in the notice of deficiency except for the amounts she treated as wages to her minor children.

To reflect the foregoing,

Decision will be entered under Rule 155.